IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ESTATE OF S.P., DECEASED
By KRISTEN PRAET, Personal Representative,

      Plaintiffs,

vs.                                 Case No. 24-
                                 Hon.

UNITED STATES OF AMERICA

      Defendants,

_____/

GERALD THURSWELL (P21448)
ARDIANA CULAJ (P71553)
THE THURSWELL LAW FIRM P.L.L.C.
Attorney for Plaintiffs
1000 Town Center, Suite 500
Southfield, MI 48075
aculaj@thurswell.com
(248) 354-2222

_____/

THE THURSWELL LAW FIRM, P.L.L.C.
Attorneys at Law
1000 TOWN CENTER
SUITE 500
Southfield, Michigan 48075-1221
(248) 354-2222

## PLAINTIFF'S COMPLAINT AND AFFIDAVITS OF MERITORIOUS CLAIM

      NOW COME the above-named Plaintiffs by their attorneys, ARDIANA

CULAJ, of THE THURSWELL LAW FIRM, and complaining against the

above-named Defendants, their agents, servants and/or employees, either real or

ostensible, and say as follows:

1

THE THURSWELL LAW FIRM, P.L.L.C.
Attorneys at Law
1000 TOWN CENTER
SUITE 500
Southfield, Michigan 48075-1221
(248) 354-2222

**I.**

## JURISDICTION, PARTIES AND VENUE

1.  This is a medical malpractice/wrongful death claim brought in part under the Federal Tort Claims Act for severe and permanent injuries arising out of negligent acts or omissions of employees, agents, apparent agents, servants or representatives of the Defendant United States of America (hereinafter may be referred to as "USA") while acting within the course and scope of their employment, agency, apparent agency, servitude, or representative capacity, under circumstances where the United States of America, if a private person, would be liable to the Plaintiffs under the laws of the State of Michigan where the acts and/or omissions occurred.  This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §1346 (b).

2.  At all times relevant and/or material to these matters, the employees, agents, apparent agents, servants or representatives of the United States were subject to the United States' right to control, including substantial supervision and direction over their day-to-day activities.

3.  The Plaintiff Kristen Praet (hereinafter referred to as "Plaintiff Praet", in an individual residing in the city of Unionville, County of Tuscola Michigan.

2

THE THURSWELL LAW FIRM, P.L.L.C.
Attorneys at Law
1000 TOWN CENTER
SUITE 500
Southfield, Michigan 48075-1221
(248) 354-2222

4.    At all times relevant to this Complaint, the Defendant, United States of America, was the employer of health care providers who administered care and treatment to Plaintiffs' decedent, S.P., at the Great Lakes Bay Health Centers, and McLaren Bay Regional Hospital, in Bay City, Michigan.

5.    The United States of America is a Defendant.

6.    The Defendant United States of America may be served with process in accordance with Rule 4(i) of the Federal Rules of Civil Procedure by serving a copy of the Summons and Complaint on the Acting United States Attorney for the Eastern District of Michigan, 211 W. Fort Street, Suite 2001, Detroit, MI 48226 to the attention of the Civil Process Clerk and by serving a copy of the Summons and Complaint on Attorney General of the United States of America, by registered or certified mail, to the Attorney General's Office, 10th and Constitution Avenue, N.W., Washington, D.C. 20530, to the attention of the Civil Process Clerk.

7.    Venue is proper in the United States District Court for the Eastern District of Michigan pursuant to 28 U.S.C. § 1391(a)(1) and (c) as the United States is a Defendant and because all or part of the cause of action accrued in this District and because the Plaintiff resides in this District.

## II.

## __LIABILITY OF THE UNITED STATES OF AMERICA__

8.     This case is commenced and prosecuted against the United States of America pursuant to and in compliance with Title 28 U.S.C. §§2671-2680, commonly referred to as the "Federal Tort Claims Act." Liability of the United States is predicated specifically on Title 28 U.S.C. §§1346(b)(1) and 2674 because the personal injuries and resulting damages of which complaint is made, were proximately caused by the negligence, wrongful acts or omissions of employees of the United States while acting within the scope of their office or employment, under circumstances where the United States, if a private person, would be liable to the Plaintiffs in the same manner and to the same extent as a private individual under the laws of the State of Michigan.

9.     The United States Department of Health and Human Services is an agency of the United States of America. The United States of America, Defendant, through its agency, the United States Department of Health and Human Services, at all times material hereto, owned, operated and controlled the health care facility known as Family Health Center at Battle Creek-Women's Health, and though its agency, the United States Department of

THE THURSWELL LAW FIRM, P.L.L.C.
Attorneys at Law
1000 TOWN CENTER
SUITE 500
Southfield, Michigan 48075-1221

(246) 354-2222

Health and Human Services, staffed the health care facility with agents, servants, and/or employees.

### III.

### "FTCA" JURISDICTIONAL PREREQUISITES

10.   On April 13, 2023, the Plaintiffs filed their administrative claims based on the facts alleged herein with the appropriate federal agency – The Department of Health and Human Services – for damages arising out of the wrongful death of S.P, based on the negligence of the United States' employees, agents, apparent agents, servants or representatives, practicing in the course and scope of their employment with Great Lakes Bay Health Center-Women's Care Bay City, which is a federally funded clinic in Bay City, Michigan.

11.   On February 20, 2024, the United States Department of Health and Human Services denied these claims. Accordingly, Plaintiffs have complied with all jurisdictional prerequisites and conditions precedent to the commencement and the prosecution of this litigation.

THE THURSWELL LAW FIRM, P.L.L.C.
Attorneys at Law
1000 TOWN CENTER
SUITE 500
Southfield, Michigan 48075-1221

(248) 354-2222

THE THURSWELL LAW FIRM, P.L.L.C.
Attorneys at Law
1000 TOWN CENTER
SUITE 500
Southfield, Michigan 48075-1221

(246) 354-2222

## IV.

## FACTS

12.   Plaintiff Praet became pregnant in April of 2021. She had an expected
      due date of February 12, 2022, based on ultrasound, and a due date of
      February 4, 2022 based on last menstrual period.

13.   Plaintiff Praet went for prenatal care at Great Lakes Bay Health Center-
      Women's Care Bay City, which is a federally funded clinic in Bay City,
      Michigan.

14.   Plaintiff Praet had approximately 25 prenatal visits from 8/4/21 at 12
      weeks to 1/24/22 at Great Lakes Bay Health Centers-Women's Care.

15.   Plaintiff Praet's pre-pregnancy weight was approximately 280 pounds
      and at 37 weeks gestation, her weight was 358 pounds.

16.   Plaintiff Praet was an insulin dependent diabetic with a 5-times increased
      risk of fetal demise.

17.   On **9/22/21**, Plaintiff Praet presented to Great Lakes Bay Health Center
      for a  prenatal visit, at 19 weeks and 4 days gestation. it was noted that
      was Pre-gestational Diabetes mellitus on insulin, Hb A 1 c 9 in first

6

THE THURSWELL LAW FIRM, P.L.L.C.
Attorneys at Law
1000 TOWN CENTER
SUITE 500
Southfield, Michigan 48075-1221
(248) 354-2222

trimester. It was noted she had a lower transverse c-section in 2019 at 37 weeks and 4 days gestation.

18.    On **10/5/21**, Plaintiff Praet presented to Dr. Daniel Wechter (Maternal Fetal Medicine PC) at approximately 22 weeks gestation for a consultation due to her pre-gestational diabetes and obesity.  Dr. Wechter noted under impression and recommendations:

> "I think this patient is stable today, **but has significant risks related to her weight and diabetes** (undetected anomaly, neonatal hypoglycemia, IUFD, preeclampsia, wound infection at her repeat C/S.   Sincerely, **Daniel J Wechter, MD**.

19.    On **1/7/22**, it was noted that "patient desires to proceed  with a repeat C-section. Will schedule for 39 weeks gestation."

20.    That the records of **Great Lakes Bay Health Centers – Women's Care Bay City** on the mother **Kristen Praet** indicate:

> "**1/7/22**. Next visit: 4d Comment: BPP 8/8. Pt seen on L&D this week for r/o preE (preeclampsia), pt was given incentive spirometer and ace bandages for swelling. BP (blood pressure )today wnl (within normal limits), urine protein neg. She says her SOB is much improved with IS. Denies PreE sx. **Discussed TOLAC risks due to LGA, pt desires to proceed with repeat C/S. Will sched for 39 weeks.** BS logs not here but per pt still well controlled. **Heidi Petrimoulx RMA January 7, 2022 2:39 PM**"

7

21.     That the records of **Great Lakes Bay Health Centers – Women's Care**

**Bay City** on the mother **Kristen Praet** indicate:

> "Date of Exam:  **1/14/22** **Obstetrical Ultrasound Report** Best
> Overall **Assessment: 1/14/22**. EDC: **2/12/22 Assessed GA: 35w6d**
> **Biophysical profile: Score 8 / 8.** Sonographer: **Kelli Ivey, RDMS**
> Physician: **Vanessa Rondinelli, MD, OB/GYN** P3-4 (US reports)
> 1/20/22 Assessed GA: 36w5d  EFW (g): 4116g >95th%"

22.     That the records of **Great Lakes Bay Health Centers – Women's Care**

**Bay City** on the mother **Kristen Praet** indicate:

> "Date of Exam: **1/20/22**
> **Obstetrical Ultrasound Report**
> Best Overall **Assessment: 1/20/22**.
> EDC: **2/12/22**
> **Assessed GA: 36w5d**
> **EFW (g): 4116g >95th%**
> Biophysical profile: Score 8 / 8.
> Sonographer: **Savannah Stuits, RDMS**
> Physician: **Douglas Saylor, MD OB/GYN**
> P5-6 (US reports)
> 1/27/22"

23.     Plaintiff's ultrasound on **1/20/22** noted an EFW of 4116± 1 pound with

an increased AC (abdominal circumference) greater than 95th percentile

markedly increasing the risk of shoulder dystocia.

24.     That the records of **Great Lakes Bay Health Centers – Women's Care**

**Bay City** on the mother **Kristen Praet**, indicate:

THE THURSWELL LAW FIRM, P.L.L.C.
Attorneys at Law
1000 TOWN CENTER
SUITE 500
Southfield, Michigan 48075-1221
(248) 354-2222

THE THURSWELL LAW FIRM, P.L.L.C.
Attorneys at Law
1000 TOWN CENTER
SUITE 500
Southfield, Michigan 48075-1221

(248) 354-2222

"Comments: <u>**1/24/22**</u> , 37-2/7 weeks' gestation; **patient is here today at 37 weeks 2 days. She had a reactive NST. Her last ultrasound showed the baby was in the 95th percentile**. Her initial blood pressure was elevated. She is essentially asymptomatic aside from some difficulty breathing when laying flat and some increase in lower extremity swelling. **Patient was  discussed with Dr. Stryker, will send to hospital today for further evaluation.**"

25.     On 1/24/22, following her visit at Great Lakes Bay Health Center, Plaintiff Praet presented to McLaren Bay Region Hospital. She was seen by Vanessa Rondinelli, MD.

26.     The records of **McLaren Bay Region Hospital, on the mother Kristen Praet** indicate:

"<u>**1/24/22**</u> **Discharge Summary:** Pt is a 33y G4P1021 at <u>**37-2/7 weeks**</u> who presents from the office with **orthopnea, swelling and elevated BP x1 during NST**. Her one BP in the office was 150/90 mmHg, her repeat was 122/92 mm Hg.
Pt reports that for the past few days, she's been experiencing painful swelling in bilateral lower extremities predominantly at night. Relieved with elevation of the legs. She has started to notice little red dots around her ankles. She has compression stockings at home but they are too small for her and barely fit over her calves. She denies calf pain. She also reports feeling heaviness in the chest at night when she lays to sleep. She sleeps on her sides and never on her back but still feels the pressure. She denies chest pain, sputum, or coughing fluid. She denies any chest pain. Pt reports occasional unilateral headaches located at the temple, which self-resolve or improve with Tylenol. Denies changes in vision. She reports that her sugars have been well controlled but she didn't take her lunch time insulin today with her meal."

THE THURSWELL LAW FIRM, P.L.L.C.
Attorneys at Law
1000 TOWN CENTER
SUITE 500
Southfield, Michigan 48075-1221
(248) 354-2222

27.    The records of **McLaren Bay Region Hospital, on the mother Kristen**

**Praet** indicate:

> "**1/24/22 PROBLEMS LIST:** <u>2019</u>- LT C/S breech. 37-4/7 wks. 8#3 desires TOLAC (trial of labor after cesarean section) signed consent **11/3/21.** Pre-gestational DM on insulin, Hb A 1c 9 in first trimester NPH 30AM & PM, aspart 20 TID. Fetal survey twice weekly starting at 32 weeks.**<u>Fetal macrosomia:</u>** <u>Last EFW 1120: **EFW=4116grams 91bs1oz >95th%** AC=>95th%</u> FHT=148bpm BPP=8i8 AFl=16.1cm posterior placenta **and cephalic presentation.**"

28.    The records of **McLaren Bay Region Hospital, on the mother Kristen**

**Praet** indicate:

> "**1/24/22 <u>Hospital Course:</u>** Patient was monitored for over 2 hours with BPs cycling every 15 min.**She had one borderline elevated BP of 141/71 mm Hg which was within 4 hours from her initial high BP reading in the office. Pre-eclampsia labs were submitted and within normal limits. Her P:C ratio was** 0.1. Her lung exam was unremarkable and I believe the SOB is due to weight and possible atelectasis, for this I gave her an incentive spirometer to take home for use.
> In regards to her lower extremity swelling, she was given Ace bandages to wrap her feet and ankles. She has 2+ pitting edema bilaterally **but no swelling in the upper extremities.** Her POC glucose was 201. She was given 4 units of insulin and her glucose decreased to 94."

29.    The records of **McLaren Bay Region Hospital, on the mother Kristen**

**Praet** indicate:

> "**<u>1/24/22</u>** We had a lengthy discussion today regarding her desire to VBAC. Her previous C/S was due to breech presentation and she's

never had a vaginal birth before or after that section. **In light of the fact that she has diabetes and this baby is measuring >95th% with AC >95% and EFW 4116 four days ago, the risk of birth trauma to the neonate or obstetrical trauma to her is significantly higher.** I calculated her predicted chance of VBAC using the Maternal-Fetal Medicine Units Network calculator to be 27%. The patient was tearful as she was depending on a successful VBAC to take care of her baby and toddler at home postpartum. I acknowledged her concerns and explained to her that we always have to weigh risks and benefits of birthing options and ultimately make a plan using shared decision making. In this case, knowing the baby will likely be macrosomic at birth (plan for IOL@ 39 weeks for pregestational diabetes), the risk of trauma or even death is significantly higher. The patient will discuss this with her husband and make a decision this week."

30. The records of **McLaren Bay Region Hospital, on the mother Kristen Praet** indicate:

> **"1/24/22 Discharge Diagnoses and Plan**
> **1. R/o (rule out) gHTN (gestational hypertension VS Preeclampsia"**
> - BPs wnl, one outlier as mentioned above (within 4 hours from original elevated BP in the office) this does not qualify her for dx of gestational hypertension
> - PreE labs negative (see above)
> - pt declined Tylenol, states headache improves with meals
> - because pt's P:C ratio less than 0.2, not necessary to repeat 24h urine protein at this time
> - pt encouraged to come to the office tomorrow, wed or thurs (before her BPP on friday) for BP check. Pt stated that her husband works these days and she likely won't have a ride but I encouraged pt to find alternate mode of transportation to come in for BP check.
> **Communication note sent to OB nurse to f/u tomorrow**
> - Emphasis on pre-eclampsia symptoms reiterated, pt understands and agrees to return to hospital if any worsening signs or symptoms develop.
> **Patient Discharge Condition**

THE THURSWELL LAW FIRM, P.L.L.C.
Attorneys at Law
1000 TOWN CENTER
SUITE 500
Southfield, Michigan 48075-1221
(248) 354-2222

stable
**Discharge Disposition**
**home**
Follow Up Appointments
When: **1/28/22**
With: **Dr. Vanessa A Rondinelli, MD**
Electronically signed: **Dr. Vanessa A Rondinelli, MD"**

THE THURSWELL LAW FIRM, P.L.L.C.
Attorneys at Law
1000 TOWN CENTER
SUITE 500
Southfield, Michigan 48075-1221

(246) 354-2222

31.    Although the standard of care required, Defendants failed to schedule delivery at

       38 weeks' gestation.

32.    That the records of **Great Lakes Bay Health Centers – Women's Care Bay**

       **City on the mother Kristen Praet** indicate that  on **1/26/22** at 37 weeks

       gestation, there was edema 2+ in the lower extremities.

33.    That the records of **Great Lakes Bay Health Centers – Women's Care**

       **Bay City on the mother Kristen Praet** indicate:

       " **1/27/2022** -Append Provider: **Norma Cruz** Location of Care:
       **Great Lakes Bay Health Centers Womens Care Bay City** patient
       r/s b/p check for **1/27** unable to get a ride will call after hour
       number if needed. Electronically signed by **Norma Cruz** on
       **1/27/2022** at **9:05 AM**."

34.    On **1/28/22**, a C-section was scheduled for **2/8/22**. In violation of the

       standard of care which required delivery at 38 weeks Defendants

       scheduled a C-section on **2/8/22**.

THE THURSWELL LAW FIRM, P.L.L.C.
Attorneys at Law
1000 TOWN CENTER
SUITE 500
Southfield, Michigan 48075-1221

(248) 354-2222

35.  That the records of Great **Lakes Bay Health Centers – Women's Care Bay City on the mother Kristen Praet** indicate:

> "**1/28/2022** -Append: ob, BPP 37w6d, rm4, visit 18 Provider: **Vanessa Amanda Rondinelli MDLocation of Care: Great Lakes Bay Health Centers Women's Care Bay City Communication Note <span style="color:red">Communication Details: Please schedule pt for repeat C/S with me and one of my partners  Tues Feb 8 in the AM</span>. Initial call taken by: Vanessa Amanda Rondinelli MD**, (OB/GYN **January 28, 2022 12:38 PM Follow-up Actions** Details: All set, OI (**Omosalewa Itauma, MD**) will assist. Followed up by: **Kelli Ivey RDMS**, **January 28, 2022 1:52 PM**"

36.  That the records of **Great Lakes Bay Health Centers – Women's Care Bay City on the mother Kristen Praet** indicate:

> "Date of Exam: **1/28/22**
> **Obstetrical Ultrasound Report**
> Best Overall **Assessment: 1/28/22**.
> EDC: **2/12/22**
> **Assessed GA: 37w6d**
> Biophysical profile: Score 8 / 8.
> Sonographer: **Kelli Ivey, RDMS**
> Physician: **Vanessa Rondinelli, MD (OB/GYN)**
> P7-8 (US reports)"

37.  That the records of **McLaren Bay Region Hospital on the mother Kristen Praet** indicate:

> "Phone Msg
> **1/28/2022 15:43**
> From: **Wisniewski, Michael**
> To: **BAY IND Great Lakes Bay Health Centers - Women's** Care;
> Sent: **1/28/2022 15:43**
> Subject: Schedule Procedure Confirmation
> Due Date/Time: **1/29/2022 15:43**

Surgeon Name: **Dr. RONDINELLI** / Dr. **ITAUMA** TO ASSIST
Procedure: REPEAT CESAREAN SECTION
Procedure Date: **02/08/22**
Procedure Time: NOTES: PLEASE ENTER ORDERS"

38.    On **1/31/22**, Plaintiff Kristen Praet was seen in the office by Kayla

Violette, RDMS (Sonographer). She noted very little fetal movement

with a non-reactive NST obtained BPP (Biophysical Profile) was 8/ 10.

39.    Based upon the increased maternal and fetal risks in this case, including

uterine rupture from prior C-section and/or, shoulder dystocia and

brachial plexus injury from macrosomia and insulin dependent diabetes

and/or history of decreased fetal movement and/or, increased risk of still

birth, the standard of care of the Defendant's employees and/or agents

herein required on **1/31/22** an immediate C-section be performed, which

the mother had previously consented to, or labor induction after the

**1/31/22** non reassuring stress test, but in violation of the standard of care

this was not done.

40.    On **1/31/22** the standard of care required baby S.P. be delivered but in

violation of the standard of care, she was not delivered.

41.    Timely delivery by C-section or induction of labor on **1/31/22** would

have avoided the baby S.P.'s  death.

42.    That the records of **Great Lakes Bay Health Centers – Women's Care**

**Bay City on the mother Kristen Praet** indicate:

THE THURSWELL LAW FIRM, P.L.L.C.
Attorneys at Law
1000 TOWN CENTER
SUITE 500
Southfield, Michigan 48075-1221

(248) 354-2222

14

THE THURSWELL LAW FIRM, P.L.L.C.
Attorneys at Law
1000 TOWN CENTER
SUITE 500
Southfield, Michigan 48075-1221

(248) 354-2222

"Date of Exam: **1/31/22** (Monday)
**Obstetrical Ultrasound Report :**Indications: **BPP, non-reactive NST,** maternal obesity, pregestational diabetes.  Best Overall Assessment: **1/31/22**. EDC: **2/12/22**  Assessed GA: **38w2d**
**Fetal Well-being Assessment:** Amniotic fluid: mildly increased. Biophysical Profile: Fetal body movements; normal (2). Fetal Tone: normal (2). Fetal breathing movements: normal (2). Amniotic fluid volume: normal (2). Non-stress test: abnormal (0).
Score: 8 / 10.
Sonographer: **Kayla Violette, RDMS**
Physician: **Audrey Stryer, MD**
P9-10 (US reports)
1/31/22 (Monday) Repeat C-section consent on chart."

43.     That the records of **Great Lakes Bay Health Centers – Women's Care Bay City** on the mother **Kristen Praet** indicate:

"**1/31/2022 at 1:48 pm, Non-Reactive Non-Stress Test, gestational diabetes, estimated fetal weight greater than 95%.**
**Impression: follow up as needed twice weekly until surgery**
**GBS positive**: you will need antibiotics in labor to prevent the baby from getting an infection. Call us if you think you may be leaking from your bag of water. Increases risks of infection complications with your pregnancy. **Diabetes mellitus, pregestational**
**Medications: Insulin**
The baby may need IV for low blood sugar possible transfer to Covenant
Diabetes mellitus, pregestational - BPP= 8/10 (non-reactive NST), AFI= 23.6 cm, FHR=161 bpm.
Order: Ultrasound.
**Kayla Violette RDMS January 31, 2022 3:59 PM**
**Flowsheet View for Follow-up visit**
**Estimated weeks of gestation: 38-27**
**Weight: 372**
**Next Visit: 4 d (days)**
**Comment: PIH, L&D… blood sugars are ok so far AES.**
**BMI Classification: Obese**

THE THURSWELL LAW FIRM, P.L.L.C.
Attorneys at Law
1000 TOWN CENTER
SUITE 500
Southfield, Michigan 48075-1221
(248) 354-2222

Signed: **Audrey Ellen Stryker, MD OB/GYN** on **2/2/22** at **12:13PM**

44.     That the records of **Great Lakes Bay Health Centers – Women's Care Bay City on the mother Kristen Praet** indicate:

"**02/04/2022** - **Office Visit OBGYN: Return Visit - BPP**
**Provider: Vanessa Amanda Rondinelli MD**
OB Return Visit **HPI Details:** Kristen Praet presents for BPP.
**Savannah Stuits RDMS February 4, 2022 5:02PM**
**New Orders:**Ultrasound, FTL BIOPHYSICAL PROFILE W/O NON-STERSS TESTING
**Impression:** Encounter for antenatal screening for fetal macrosomia, Large for gestation age fetus,
third trimester.  **FHT=absent. Savannah Stuits RDMS February 4, 2022 5:04PM (Friday)**
**Order**: Ultrasound; FTL BIOPHYSICAL PROFILE W/O NON-STERSS TESTING (LARGE FOR
GESTATION AGE FETUS; THIRD TRIMESTER-DIABETES MELLITUS; PREGESTATIONAL)
**Flowsheet View for Follow-up Visit**
**Estimated weeks of gestation: 38-6/7**
Edema: 1+LE
Vaginal bleeding: no
Vaginal discharge: no
Fundal height: bpp
Fetal activity: dee
Labor symptoms: no
Fetal position: vertex
**Comment**: Pt presented for BPP, reported no kicks since Monday (1/31/22) but sensation of "rolling",
no ctx, no VB, no LOF. No heart tones detected on US via 2D or Doppler flow. **Confirmed IUFD**. Pt appropriately devastated by the news. Provided emotional support and sent to L&D for induction vs repeat CS. OI updated."

THE THURSWELL LAW FIRM, P.L.L.C.
Attorneys at Law
1000 TOWN CENTER
SUITE 500
Southfield, Michigan 48075-1221

(248) 354-2222

45.     That the records of **Great Lakes Bay Health Centers – Women's Care**

**Bay City on the mother Kristen Praet** indicate:

> "Date of Exam: <u>**2/4/22**</u>  Obstetrical Ultrasound Report
> Indications: BPP.  Best Overall **Assessment:** <u>**1/31/22**</u>.
> EDC: <u>**2/12/22**</u> **Assessed GA: 38w6d**
> Fetal Well-being **Assessment:**
> <u>**Biophysical Profile:**</u> **Fetal body movements; abnormal (0). Fetal**
> **Tone: abnormal (0). Fetal breathing movements: abnormal (0).**
> **Amniotic fluid volume: abnormal (0). Score: 0 / 8.**
> **Impression:** <u>**Absent fetal heart tones.**</u>
> Confirmed IUFD (intrauterine fetal demise) in my presence. Patient
> sent to L&D.  Sonographer: <u>**Savannah Stuits, RDMS**</u>
> Physician: <u>**Vanessa Rondinelli, MD OB/GYN (2/4/22)**</u>"

46.     That the records of **McLaren Bay Region Hospital on the mother**

**Kristen Praet** indicate:

> "**History and Physical**
> Date: <u>**2/4/22**</u> <u>**1915**</u>
> **Addendum by** <u>**Itauma, MD, Omosalewa**</u> **on** <u>**February 04, 2022**</u>
> <u>**21:51**</u>
> 33 yo G4P1021 at <u>**38 weeks 6 days gestational age by 12-week**</u>
> <u>**ultrasound with IUFD diagnosed during office visit earlier today**</u>.
> Patient with history significant for previous cesarean delivery and
> diabetes diagnosed during this pregnancy. Last growth ultrasound
> <u>**1/20/2022**</u> showed fetal macrosomia with EFW 4116g. Route of
> delivery discussed with patient TOLAC vs repeat cesarean delivery.
> Patient desires repeat cesarean delivery. Risks and benefits of repeat
> cesarean delivery discussed with risks including but not limited to
> infection, bleeding, unintended injury to surrounding structures, and
> need for more extensive surgery. Patient expressed understanding.
> Informed consent signed.
> **Elevated bps on presentation to L&D noted, most recent wnl**
> **106/75. HELLP labs wnl.** Urine protein creatinine ratio- calculation
> not able to be performed. Continue to monitor bps.
> Blood glucose management

17

Work up labs ordered
Preop labs ordered
Anesthesia team informed
Ancel for surgical prophylaxis
Type and crossmatch 2 units
**To OR for repeat cesarean delivery.**
Signed: **Itauma, MD, Omosalewa**"

47.     That the records of **McLaren Bay Region Hospital on the mother**

**Kristen Praet** indicate:

"History and Physical
Date: **2/4/22 1915**
**Chief Complaint**
**IUFD (intrauterine fetal demise) sent from office.**
Was seen in the office today @ 38 6/7 wks for her twice weekly
monitoring bpp.
**Was found to have a fetal demise.**"

48.     That the records of **McLaren Bay Region Hospital on the mother**

**Kristen Praet** indicate:

"Operative Report
**2/5/2022 00:48**
**Itauma, MD, Omosalewa**
**Preoperative Diagnosis**
**Term intrauterine fetal demise**
**Fetal macrosomia**
**Maternal diabetes mellitus**
**Previous cesarean delivery**
Class IV obesity
**Procedure**
**Repeat low transverse cesarean delivery**
**Surgeon(s)**
**Itauma, MD, Omosalewa** (Surgeon - Primary)
**Assistant**
**Closen, Alyssa Marie** (First Assistant)
**Findings**

THE THURSWELL LAW FIRM, P.L.L.C.
Attorneys at Law
1000 TOWN CENTER
SUITE 500
Southfield, Michigan 48075-1221
(248) 354-2222

Fetal demise of female infant born <u>2/4/2022</u> at <u>2313</u> weighing 5399g with Apgars 0 & 0 at one and five minutes.
Signed: **Itauma, MD, Omosalewa"**

49.     That the records of **McLaren Bay Region Hospital on the mother**

**Kristen Praet** indicate:

**"2/6/2022 1753**
Attending / Admitting Physician: **Omosalewa Itauma, MD**
Principal **Diagnosis at Discharge:**
**1. IUFD at 20 weeks or more of gestation.**
2. Pregnancy.
3. Obesity.
4. DM2 (diabetes mellitus, type 2)
5. Group B strep positive."

50.     That the records of **McLaren Bay Region Hospital on the mother**

**Kristen Praet** indicate:

**Discharge Summary**
**2/6/2022 18:24**
Hospital Couse
33 yo G4P2021 **s/p repeat low transverse cesarean delivery on**
**2/4/2022 for term intrauterine fetal demise, fetal macrosomia,**
**maternal diabetes mellitus, Class IV obesity, and previous**
**cesarean delivery.** Patient has no complaints. She and husband desire
an autopsy and genetic testing. Patient reports pain controlled with
pain meds. She reports no fever or chills, chest pain, nausea or
vomiting.
**Discharge Diagnoses and Plan**
**1. IUFD at 20 weeks or more of gestation**
s/p repeat cesarean delivery of female infant born **2/4/2022** at **2313**
weighing 5399g with Apgar's 0 & 0 at one and five minutes
**Follow up IUFD work up labs**
**Parents desire an autopsy and genetic testing**
**Pregnancy loss counselor referral placed**
**2. Pregnancy**

THE THURSWELL LAW FIRM, P.L.L.C.
Attorneys at Law
1000 TOWN CENTER
SUITE 500
Southfield, Michigan 48075-1221
(248) 354-2222

s/p repeat cesarean delivery
afebrile, hemodynamically stable
Post op Hb 12.9
Tolerating diet
Pain control with pain meds as needed
Lovenox for thromboembolism prophylaxis postpartum
**3. Obesity**
**4. DM2 (diabetes mellitus, type 2)**
Metformin 1000mg PO BID started
Insulin aspart 10units SC TIDAC
Discharged home to follow up in OB/GYN office within 1 weeks.
Signed: **Dr. Omosalewa Itauma, MD**

51.     That the records of **McLaren Bay Region Hospital on the mother**

**Kristen Praet** indicate:

Discharge Summary
**2/6/2022** **18:24**
OB Postpartum Discharge Note
**Itauma, MD, Omosalewa**
**Hospital Course:**
33 yo G4P2021 sip repeat low transverse cesarean delivery on
**2/4/2022** for term intrauterine fetal demise, fetal macrosomia,
maternal diabetes mellitus, Class IV obesity, and previous cesarean
delivery. Patient has no complaints. She and husband desire an
autopsy and **genetic testing. Patient reports pain controlled with
pain meds. She reports no fever or chills, chest pain, nausea or
vomiting."**

52.     That the records of the **Bay County Medical Examiner - Autopsy**

**Report of S.P.** Deceased indicate:

"Date of Death: **2/4/22**
Place of Autopsy: Bay McLaren
Autopsy Assist: **Randy Mudd**

THE THURSWELL LAW FIRM, P.L.L.C.
Attorneys at Law
1000 TOWN CENTER
SUITE 500
Southfield, Michigan 48075-1221
(248) 354-2222

Witnesses: **Dr. Morrone**, Chief Medical Examiner, **Jessica Duranczyk, OBRN**
**Autopsy Findings**
**Fetal Macrosomia**
**5280 grams**
Opinion: This 38-week gestation, white infant female, **S.R.P died of fetal macrosomia complicated by maternal gestational diabetes and morbid obesity.** There are no injuries. The manner of death is natural.
Signed: **Patrick Cho, MD**, Consulting Forensic Pathologist"

## V.

## CLAIM FOR NEGLIGENCE OF DEFENDANT UNITED STATES OF AMERICA

46.    The Defendant, the United States of America, by and through its agents, apparent agents, employees, servants, representatives, and contractors, undertook duties to provide proper care to Plaintiff's decedent, S.P., with the level of care, skill, and treatment that is recognized as acceptable and appropriate by reasonably prudent health care providers.

47.    At all times material herein, a patient-health professional relationship existed between Plaintiff mother and/or Plaintiff's decedent and **Dr. Vanessa Rondinelli.**

48.    At all times material herein, a patient-health professional relationship existed between Plaintiff mother and/or Plaintiff's decedent and **Dr. Audrey Ellen Stryker.**

THE THURSWELL LAW FIRM, P.L.L.C.
Attorneys at Law
1000 TOWN CENTER
SUITE 500
Southfield, Michigan 48075-1221
(248) 354-2222

THE THURSWELL LAW FIRM, P.L.L.C.
Attorneys at Law
1000 TOWN CENTER
SUITE 500
Southfield, Michigan 48075-1221
(248) 354-2222

49.    At all times material herein, a patient-health professional relationship existed between Plaintiff mother and/or Plaintiff's decedent and **Dr. Omosalewa Itauma.**

50.    At all times material herein, a patient-health professional relationship existed between Plaintiff mother and/or Plaintiff's decedent and **Dr. Douglas Saylor.**

51.    At all times material herein, there was a patient-health professional relationship between health care professionals and Plaintiffs who cared for Plaintiffs at McLaren Bay Region Hospital which health care professionals were the agents, servants or employees of Defendant USA, either real or ostensible.

52.    At all times material herein, Defendant USA'S employees and/or agents, **Dr. Vanessa Rondinelli, Dr. Audrey Ellen Stryker, Dr. Omosalewa Itauma, and Dr. Douglas Saylor,** were doctors duly licensed to practice medicine in the State of Michigan.

53.    **Dr. Vanessa Rondinelli, Dr. Audrey Ellen Stryker, Dr. Omosalewa Itauma, and Dr. Douglas Saylor** were the agents, servants or employees of Defendant United State of America, either real or ostensible, and was acting in the course and scope of said employment when said doctors

violated the standard of practice of his profession in the care and treatment of Plaintiffs as stated herein.

54.     The **Great Lakes Bay Health Center-Women's Care Bay City** is liable to Plaintiffs herein under the doctrine of respondeat superior, either real or ostensible, for the malpractice of **Dr. Vanessa Rondinelli, Dr. Audrey Ellen Stryker, Dr. Omosalewa Itauma, and Dr. Douglas Saylor** as alleged herein.

55.     The **Great Lakes Bay Health Center-Women's Care Bay City** is a federally funded healthcare facility owned, operated and controlled by the United States of America through its agency, U.S. Department of Health and Human Services.

56.     At all times material hereto, **Dr. Vanessa Rondinelli, Dr. Audrey Ellen Stryker, Dr. Omosalewa Itauma, and Dr. Douglas Saylor,** when rendering health care services to Plaintiffs herein, were the agents, servants and/or employees of the U.S. Department of Health and Human Services, or some other agency thereof, and was at all times material hereto, acting within the course and scope of such employment.

THE THURSWELL LAW FIRM, P.L.L.C.
Attorneys at Law
1000 TOWN CENTER
SUITE 500
Southfield, Michigan 48075-1221
(248) 354-2222

**BREACHES OF THE STANDARD OF PRACTICE OR CARE IN THIS CASE BY THE OBSTETRICIANS/GYNECOLOGISTS, DR. VANESSA RONDINELLI, DR. AUDREY ELLEN STRYKER, DR. OMOSALEWA ITAUMA, AND DR. DOUGALS SAYLOR**

57.   At all times material herein, in light of the state of the art existing at the time of the medical malpractice as alleged herein, the Defendant USA's agents and/or employees, **Dr. Vanessa Rondinelli, Dr. Audrey Ellen Stryker, Dr. Omosalewa Itauma, and Dr. Douglas Saylor,** individually and/or through their agents or employees, owed a duty to Plaintiffs, pursuant to the medical professional relationship that existed between them, and/or owed duties to Plaintiffs as a third-party beneficiary pursuant to the implied and/or expressed contract between them.  The standard of care was breached in one or more of the following ways:

   a.   To exercise reasonable skill and diligence to recognize that Plaintiff's decedent had a high probability of sudden clinically significant deterioration, which required the highest level of physician and/or nurse monitoring and preparedness to intervene pursuant to the standard of care.

THE THURSWELL LAW FIRM, P.L.L.C.
Attorneys at Law
1000 TOWN CENTER
SUITE 500
Southfield, Michigan 48075-1221

(248) 354-2222

THE THURSWELL LAW FIRM, P.L.L.C.
Attorneys at Law
1000 TOWN CENTER
SUITE 500
Southfield, Michigan 48075-1221

(248) 354-2222

b.  To exercise reasonable skill and diligence to timely inform the attending physician or supervisory physician the true nature of the patient's condition under the circumstances.

c.  To exercise reasonable skill and diligence to timely diagnose Plaintiff's decedent's conditions.

d.  To exercise reasonable skill and diligence to timely admit the mother to the hospital and provide fetal monitoring and delivery the baby by C-section.

e.  To exercise reasonable skill and diligence to timely treat Plaintiff's decedent's conditions by the performance of a delivery by C-section on 1/31/22 and/or at 38 weeks' gestation.

f.  To exercise reasonable skill and diligence in the timely treatment and care of Plaintiff's decedent's conditions, to-wit:  fetal macrosomia and/or maternal diabetes and/or decreased fetal movement by delivery at approximately 38 weeks' gestation and/or on 1/31/22.

g.  To timely exercise reasonable skill and diligence in <u>response</u> to Plaintiff's decedent's complaints and/or Plaintiff's decedent's observations of her own condition of which Plaintiff's decedent made known to Defendants, its agents, servants and/or employees.

25

h.   To perform the aforementioned delivery in accordance with the standard of practice governing Defendants' conduct.

i.   To timely recognize Plaintiff's decedent and the mother's abnormal conditions timely and therefore failed to timely diagnose Plaintiff's decedent's conditions and/or failed to timely treat same by admitting the mother to the hospital timely, provide fetal monitoring and deliver by C-section or induction timely.

j.   To make a timely complete and frank <u>disclosure</u> to Plaintiff's decedent of all the risks involved in Defendants' proposed treatment and/or care of Plaintiff's decedent's conditions (i.e. continuing the pregnancy beyond 38 weeks' gestation).

k.   To make a timely and complete <u>disclosure</u> of all facts, diagnoses, and/or <u>alternatives</u> and/or possibilities which could occur to Plaintiff's decedent, in a language simple to be understood by Plaintiff's decedent as a result of Defendants' proposed treatment of same.

l.   To timely <u>advise</u> Plaintiff's decedent of the <u>probability of success</u> of the proposed procedures, care and/or treatment to be used upon Plaintiff's decedent in a language simple to be understood by Plaintiff's decedent.

THE THURSWELL LAW FIRM, P.L.L.C.
Attorneys at Law
1000 TOWN CENTER
SUITE 500
Southfield, Michigan 48075-1221
(248) 354-2222

m. To obtain the informed consent of Plaintiff's decedent by giving Plaintiff's decedent accurate and understandable information, having a discussion of the benefits and risks of available treatment options.

n. Plaintiff's decedent was not under any obligation to inquire whether each person who attended her, rendered medical care or treatment or medical services at said employer was an employee or an independent contractor at Defendants.

o. To timely, periodically and properly supervise the residents / caring for Plaintiff's decedent by giving the appropriate orders and instructions regarding care and treatment of Plaintiff's decedent.

p. To timely and/or properly notify the treating doctor and/or any doctor of significant and/or adverse changes in Plaintiff's decedent's conditions so that timely medical care and treatment could be rendered to Plaintiff's decedent timely.

q. To seek timely consultation for Plaintiff's decedent when in the exercise of reasonable care, consultation with a specialist or one with more experience or training was indicated.

r. To refrain from abandoning treatment or care and/or treatment to Plaintiff's decedent.

THE THURSWELL LAW FIRM, P.L.L.C.
Attorneys at Law
1000 TOWN CENTER
SUITE 500
Southfield, Michigan 48075-1221
(248) 354-2222

THE THURSWELL LAW FIRM, P.L.L.C.
Attorneys at Law
1000 TOWN CENTER
SUITE 500
Southfield, Michigan 48075-1221
(248) 354-2222

s.  To follow the applicable statutes and/or rules and/or regulations of the State of Michigan and/or the State of <u>Michigan's Administrative Code,</u> and/or MCL 333.21513, MCLA 333.20175, et seq., or federal government including, but not limited to, MCL 333.21513, MCLA 333.20175, et. seq.

t.  To select and retain only competent physicians and use reasonable means to periodically evaluate their competency so as only to retain competent doctors and/or nurses.

58.  The Defendant and its agents and/or employees were required by the standard of care and/or the statutes of the State of Michigan and/or the Michigan Administrative Code to timely formulate, adopt and/or enforce adequate <u>rules, procedures, guidelines, protocols and policies</u> to ensure quality care for patients, including, but not limited to, where appropriate, the need for house doctors or those with staff privileges to resort to consultations when their own medical knowledge, skill and experience is insufficient to proper care and/or with respect to the administration of medication and/or observations of patients and/or the taking and recording of vital signs and/or the performance of examinations or treatment of patients and/or rules of the Michigan Administrative Code R325.1058;

28

R325.1028; R325.1052; MCL 333.20175; MCL 333.21513 but in violation of the standard of care failed to do so.

59.   The Defendant and its agents, servants and/or employees <u>changed and/or altered the records</u> herein in violation of the standard of care and/or Michigan statutes.

60.   The Defendant USA was guilty of independent negligence to Plaintiffs by carelessly and/or negligently permitting the doctors named herein and nurses, and other personnel, to be employed by them, when this Defendant knew or in the exercise of reasonable care should have known, that said doctors were unfit to render medical care and attention to Plaintiff and Plaintiff's decedent by reason of their inexperience and/or habitual negligent conduct.

## VI.

## <u>PLAINTIFFS' DAMAGES</u>

61.   Plaintiff Kristen Praet has been duly appointed by the Probate Court for the County of Tuscola, Michigan, Personal Representative of the Estate of S.P., Deceased, who departed this life on 2/4/2022, and said personal representative is a resident of the City of Unionville, County of Tuscola, Michigan.  That said deceased was a resident of the City of Unionville,

THE THURSWELL LAW FIRM, P.L.L.C.
Attorneys at Law
1000 TOWN CENTER
SUITE 500
Southfield, Michigan 48075-1221
(248) 354-2222

THE THURSWELL LAW FIRM, P.L.L.C.
Attorneys at Law
1000 TOWN CENTER
SUITE 500
Southfield, Michigan 48075-1221

(248) 354-2222

County of Tuscola, Michigan at the time of her death.  That Kristen Praet is acting under and by virtue of Letters of Authority issued by the Probate Court. **(Exhibit A)**

62.   Plaintiff's decedent, S.P., Deceased, left surviving as her heirs at law and next of kin, including but not limited to her mother, Kristin Praet and her father, Jason Praet.

63.   At all times material herein, the injuries and/or damages suffered by the Plaintiff's decedent were more probably than not proximately caused by the negligence/malpractice of the Defendants, their agents, servants and/or employees, either real or ostensible.

64.   Plaintiff's decedent S.P. sustained personal injuries as a direct and proximate result of Defendant's negligence and malpractice as herein alleged.

65.   As a direct and proximate result of the malpractice and negligence of the Defendants their agents, servants and/or employees, either real or ostensible, as alleged herein, Plaintiff's decedent, S.P., sustained personal injuries, conscious pain and suffering and death.

66.   As a direct and proximate result of the malpractice and negligence of the Defendants as herein alleged, Plaintiff's decedent, S.P. suffered loss of enjoyment of life, hedonic damages. (See Nice v Chesapeake & O.R. Co.

(1964, W.D. Mich) 305 F Supp 1167 (applying Michigan law); <u>Dyer v U.S.</u>,

(1982, W.D. Mich) 551 F Supp 1266 (applying Michigan law).

67.     As a direct and proximate result of the negligence and malpractice as herein

alleged of Defendants, their  agents, servants and/or employees, either real

or ostensible, as aforesaid, the injured Plaintiff's decedent S.P.:

A.     sustained severe and permanent bodily injuries which were

painful, disabling and necessitated medical care; and/or

B.     suffered shock, mental anguish, fright and emotional damage;

and/or

C.     sustained possible aggravation of pre-existing conditions and/or

reactivation of dormant conditions; and/or

D.     hampered said Plaintiff's decedent in the enjoyment of the

normal pursuit of life; and/or

E.     any other damages which are applicable and which are

recoverable pursuant to statute, case law and Michigan court

rules.

68.     At all times material herein, Plaintiff Kristen Praet was not at fault and/or

was not negligent.

THE THURSWELL LAW FIRM, P.L.L.C.
Attorneys at Law
1000 TOWN CENTER
SUITE 500
Southfield, Michigan 48075-1221
(248) 354-2222

THE THURSWELL LAW FIRM, P.L.L.C.
Attorneys at Law
1000 TOWN CENTER
SUITE 500
Southfield, Michigan 48075-1221

(248) 354-2222

69.   At  all times material herein, as a direct and proximate result of the

negligence of Defendant, and its agents, servants and/or employees, either

real or ostensible:

   a.   Plaintiff's decedent, S.P., prior to her death, had permanently

impaired cognitive capacity rendering him incapable of making

independent, responsible life decisions and permanently incapable of

independently performing the activities of normal daily living.

70.   The within cause is brought on behalf of said Estate and the heirs and next

of kin of said decedent to recover for the conscious pain and suffering

suffered by Plaintiff's decedent prior to his death, the loss of love, affection,

companionship, services, instruction, guidance, advice, gifts, inheritance,

support, and income services sustained by Plaintiff's decedent's heirs at law

and next of kin as a result of the death of Plaintiff's decedent, S.P.; the

funeral and burial expenses and any and all other amounts recoverable

under the statutes and case law of the State of Michigan by the heirs, next

of kin, and/or Estate of said deceased.

71.   The within cause of action is brought on behalf of said estate and the heirs

and next of kin of said decedent to recover for all damages, both past and

future, permitted by law, including, but not limited to, conscious pain and

suffering suffered by Plaintiff's decedent prior to her death, loss of love,

affection, companionship, society, loss of services, loss of gifts and valuable gratuities, loss of parental training and guidance, mental suffering and sorrow, hedonic damages, any other damages sustained by Plaintiff's decedent's heirs at law and next of kin as a result of the death of Plaintiff's decedent, S.P., and any and all other amounts recoverable under the statues and the case law of the State of Michigan by the heirs, next of kin and/or the Estate of said deceased.

72. The within cause is brought on behalf of said estate and the heirs and next of kin of said decedent to recover for any and all damages, both past and future, pursuant to law, including, but not limited to one or more of the following: medical care, treatment, expenses, other related expenses, funeral and burial expenses, lost wages, loss of ability to work, future loss of income, impaired earning capacity, loss of expected inheritance, loss of society and companionship, loss of services, instruction, guidance, care, loss of gifts and valuable gratuities, inheritance, loss of economic opportunity, loss of financial support, hedonic damages, and any and all other amounts recoverable under the statues and the case law of the State of Michigan by the heirs, next of kin and/or the Estate of said deceased.

THE THURSWELL LAW FIRM, P.L.L.C.
Attorneys at Law
1000 TOWN CENTER
SUITE 500
Southfield, Michigan 48075-1221
(248) 354-2222

WHEREFORE, Plaintiffs respectfully request that the Court grant judgment against Defendants, jointly and severally, in whatever amount Plaintiffs are found to be entitled to compensatory damages; and for penalties, and Plaintiffs' actual attorney fees, plus interests and costs.

Respectfully Submitted,

s/*Ardiana Culaj*
Attorney for Plaintiffs
The Thurswell Law Firm
1000 Town Center, Ste. 500
Southfield, MI 48075
(248) 354-2222
aculaj@thurswell.com
P71553

Dated: 8/14/24

THE THURSWELL LAW FIRM, P.L.L.C.
Attorneys at Law
1000 TOWN CENTER
SUITE 500
Southfield, Michigan 48075-1221
(248) 354-2222

State of Michigan        )
                         )SS:        .
County of Oakland        )


## AFFIDAVIT OF MERIT OF HEALTH CARE PROFESSIONAL

Dr. Roger Kushner, being first duly sworn, deposes and states the

following:

1.      I am a licensed health care professional.

2.      I certify that I have reviewed the Notice of Intent to File Claim and

        the statements set forth in the Notice of Intent to File Claim are within

        my area of specialty of OB/GYN, and were on the date of the

        malpractice, and one year prior to the date of the alleged malpractice.

        In addition, I have reviewed all the medical records provided by the

        Plaintiffs' attorney concerning the allegations contained in the notice.

## FACTUAL BASIS FOR THE CLAIM

Kristen Praet became pregnant in April of 2021. She had an expected

due date of February 12, 2022, based on ultrasound, and a due date of

February 4, 2022 based on her last menstrual period. Kristen Praet received

prenatal care from Great Lakes Bay Health Center-Women's Care Bay City,

which is a federally funded clinic in Bay City, Michigan. She attended

1

approximately 25 prenatal visits from 8/4/21 at 12 weeks to 1/24/22 at Great Lakes Bay Health Centers-Women's Care.

Kristen Praet's pre-pregnancy weight was approximately 280 pounds. At 37 weeks gestation, her weight was 358 pounds. She was an insulin dependent diabetic with a 5-times increased risk of fetal demise.

On **9/22/21,** at 19 weeks and 4 days gestation, it was noted that Kristen Praet had pre-gestational Diabetes mellitus and was on insulin, Hb A 1 c 9 in first trimester. It was noted she had a lower transverse c-section in 2019 at 37 weeks and 4 days gestation.

On **10/5/21,** Kristen Praet presented to Dr. Daniel Wechter (Maternal Fetal Medicine PC) at approximately 22 weeks gestation for a consultation due to her pre-gestational diabetes and obesity. Dr. Wechter noted under impression and recommendations: "I think this patient is stable today, but has significant risks related to her weight and diabetes (undetected anomaly, neonatal hypoglycemia, IUFD, preeclampsia, wound infection at her repeat C/S." P1-2 Dr. Wechter Letter's dated 10/5/21.

On **1/7/22,** Kristen Praet was seen by Heidi Petrimoulx, a registered medical assistant. It was noted that "patient desires to proceed with a repeat C-section. Will schedule for 39 weeks gestation." P331.

2

On **1/14/22**, an ultrasound and biophysical profile was done at 35 weeks and 6 days gestation. BPP score was 8/8. Estimated fetal weight was 4116g >95th% P3-4 ultrasound reports.

On **1/20/22**, an ultrasound and biophysical profile was done at 36 weeks and 5 days gestation. The BPP score was  8/8. Estimated fetal weight was 4116, >95th percentile, and there was increased abdominal circumference greater than 95%, markedly increasing the risk of shoulder dystocia. P5-6 Ultrasound Reports.

On **1/24/22,** Kristen Praet was seen at Great Lakes Bay Health Center at 37-2/7 weeks' gestation; It was noted "patient is here today at 37 weeks 2 days. She had a reactive NST. Her last ultrasound showed the baby was in the 95th percentile." P285 Her initial blood pressure was elevated. She is essentially asymptomatic aside from some difficulty breathing when laying flat and some increase in lower extremity swelling. "Patient was  discussed with Dr. Stryker, will send to hospital today for further evaluation."P285.

On **1/24/22,** following her visit at Great Lakes Bay Health Center, Kristen Praet presented to McLaren Bay Region Hospital. She was seen by Dr. Vanessa Rondinelli.

Mclaren Bay region Hospital discharge summary states in part:

"**1/24/22** **Discharge Summary:** Pt is a 33y G4P1021 at **37-2/7 weeks** who presents from the office with **orthopnea, swelling and elevated**

BP x1 during NST. <u>**Her one BP in the office was 150/90 mmHg,**</u>
<u>**her repeat was 122/92 mm**</u> Hg.
Pt reports that for the past few days, she's been experiencing painful
swelling in bilateral lower extremities predominantly at night.
Relieved with elevation of the legs. She has started to notice little red
dots around her ankles. She has compression stockings at home but
they are too small for her and barely fit over her calves. She denies
calf pain. She also reports feeling heaviness in the chest at night
when she lays to sleep. She sleeps on her sides and never on her back
but still feels the pressure. She denies chest pain, sputum, or
coughing fluid. She denies any chest pain. Pt reports occasional
unilateral headaches located at the temple, which self-resolve or
improve with Tylenol. Denies changes in vision. She reports that her
sugars have been well controlled, but she didn't take her lunch time
insulin today with her meal."


"<u>**1/24/22**</u> **PROBLEMS LIST:** <u>**2019**</u>- LT C/S breech. 37-4/7 wks.
8#3 desires TOLAC (trial of labor after cesarean section) signed
consent <u>**11/3/21**</u>. Pre-gestational DM on insulin, Hb A 1c 9 in first
trimester NPH 30AM & PM, aspart 20 TID. Fetal survey twice
weekly starting at 32 weeks. <u>**Fetal macrosomia:**</u> <u>**Last EFW 1120:**</u>
<u>**EFW=4116grams 9lbs1oz >95th AC=>95th%**</u> FHT=148bpm
BPP=8i8 AFl=16.1cm posterior placenta **and cephalic**
**presentation."**

"<u>**1/24/22 Hospital Course:**</u> Patient was monitored for over 2 hours
with BPs cycling every 15 mi. **She had one borderline elevated BP**
**of 141/71 mm Hg which was within 4 hours from her initial high**
**BP reading in the office. Pre-eclampsia labs were submitted and**
**within normal limits. Her P:C ratio was** 0.1. Her lung exam was
unremarkable, and I believe the SOB is due to weight and possible
atelectasis, for this I gave her an incentive spirometer to take home
for use. In regards to her lower extremity swelling, she was given
Ace bandages to wrap her feet and ankles. She has 2+ pitting edema
bilaterally **but no swelling in the upper extremities.** Her POC
glucose was 201. She was given 4 units of insulin and her glucose
decreased to 94."

"**1/24/22** We had a lengthy discussion today regarding her desire to VBAC. Her previous C/S was due to breech presentation, and she's never had a vaginal birth before or after that section. **In light of the fact that she has diabetes, and this baby is measuring >95th% with AC >95% and EFW 4116 four days ago, the risk of birth trauma to the neonate or obstetrical trauma to her is significantly higher**. I calculated her predicted chance of VBAC using the Maternal-Fetal Medicine Units Network calculator to be 27%. The patient was tearful as she was depending on a successful VBAC to take care of her baby and toddler at home postpartum. I acknowledged her concerns and explained to her that we always have to weigh risks and benefits of birthing options and ultimately make a plan using shared decision making. In this case, knowing the baby will likely be macrosomic at birth (**plan for IOL@ 39 weeks for pregestational diabetes**), the risk of trauma or even death is significantly higher. The patient will discuss this with her husband and make a decision this week."


"**1/24/22 Discharge Diagnoses and Plan**
**1. R/o (rule out) gHTN (gestational hypertension VS Preeclampsia**"
- BPs wnl, one outlier as mentioned above (within 4 hours from original elevated BP in the office) this does not qualify her for dx of gestational hypertension
- PreE labs negative (see above)
- pt declined Tylenol, states headache improves with meals
- because pt's P:C ratio less than 0.2, not necessary to repeat 24h urine protein at this time
- pt encouraged to come to the office tomorrow, wed or thurs (before her BPP on Friday) for BP check. Pt stated that her husband works these days, and she likely won't have a ride, but I encouraged pt to find alternate mode of transportation to come in for BP check.
**Communication note sent to OB nurse to f/u tomorrow**
- Emphasis on pre-eclampsia symptoms reiterated, pt understands and agrees to return to hospital if any worsening signs or symptoms develop.
**Patient Discharge Condition**
stable
**Discharge Disposition**

5

home
Follow Up Appointments
When: <u>1/28/22</u>
With: **<u>Dr. Vanessa A Rondinelli, MD</u>**
Electronically signed: **<u>Dr. Vanessa A Rondinelli, MD</u>**

P33-34, P35-36, P38-41

On <u>1/26/22</u> at 37 weeks gestation,  edema 2+ in the lower extremities was noted. P283

On <u>1/28/22</u>,  Dr.  Rondinelli and Dr. Itauma scheduled a C-section on <u>2/8/22</u>. P336

On <u>1/28/22</u>, another ultrasound and biophysical profile was performed at 37 weeks and 6 days gestation. BPP score was 8/8. It was noted the baby's weight  was still greater than 95%. P7-8 (US reports)

On <u>1/31/22</u> , another ultrasound and biophysical profile was performed at 38 weeks and 2 days gestation. Kristen Praet was seen by Dr. Audrey Ellen Stryker. It was noted that the non stress was non-reactive on that day. **Maternal obesity and pregestational diabetes were noted. BPP score was 8/10.**

> Biophysical Profile: Fetal body movements; normal (2). Fetal Tone: normal (2). Fetal breathing movements: normal (2). Amniotic fluid volume: normal (2). Non-stress test: abnormal (0).
> Score: 8 / 10.
> Sonographer: **<u>Kayla Violette, RDMS</u>**
> Physician: **<u>Audrey Stryer, MD</u>**
> P9-10 (US reports)
> <u>1/31/22</u> (Monday) Repeat C-section consent on chart.

6

Kristen Praet was told to follow up as needed twice weekly until surgery. The next visit was scheduled in 4 days. P323-329

On 2/04/2022 at 5:04pm, Kristen Praet returned to her prenatal care provider for another ultrasound and biophysical profile. She was seen by Dr. Rondinelli. At that time, the fetal ultrasound showed that the baby's heart rate was absent. It was noted there was decreased fetal activity. It was noted "Pt presented for BPP, reported no kicks since Monday (1/31/22) but sensation of 'rolling'" No heart tones detected on US via 2D or Doppler flow. **Intrauterine fetal death was confirmed.** Patient appropriately devastated by the news. Provided emotional support and sent to L&D for induction vs repeat CS. OI updated." P320

On 2/4/22 at 7:15 pm, Kristen Praet presented to McLaren Region Bay Hospital. Kristen was seen by Dr. Itauma. Dr. Itauma's note states in part as follows:

> **Addendum by Itauma, MD, Omosalewa on February 04, 2022 21:51**
> 33 yo G4P1021 at **38 weeks 6 days gestational age by 12-week ultrasound with IUFD diagnosed during office visit earlier today**. Patient with history significant for previous cesarean delivery and diabetes diagnosed during this pregnancy. Last growth ultrasound **1/20/2022** showed fetal macrosomia with EFW 4116g. Route of delivery discussed with patient TOLAC vs repeat cesarean delivery. Patient desires repeat cesarean delivery. Risks and benefits of repeat cesarean delivery discussed with risks including but not limited to infection, bleeding, unintended injury to surrounding structures, and

need for more extensive surgery. Patient expressed understanding.
Informed consent signed.
**Elevated bps on presentation to L&D noted, most recent wnl
106/75. HELLP labs wnl.** Urine protein creatinine ratio- calculation
not able to be performed. Continue to monitor bps.
**To OR for repeat cesarean delivery.**
Signed: <u>**Itauma, MD, Omosalewa**</u>
P41-42

On **2/5/2022,** at 12:48 am,  Dr. Itauma performed a repeat low

transverse C-section. Kristen's deceased baby, S.P. was born on 2/4/2022 at

11:13 pm, weighing 5399g with Apgars 0 & 0 at one and five minutes. P76.

Dr. Itauma's discharge diagnoses were as follows:  intrauterine fetal demise,

obesity, type 2 diabetes, and group B strep positive. P5-6

An autopsy of the baby, S.P was performed by forensic pathologist,

Dr. Patrick Cho. Dr. Cho concluded that S.P died of fetal macrosomia

complicated by maternal gestational diabetes and morbid obesity. P1-8

<u>**THE APPLICABLE STANDARD OF CARE ALLEGED – MANNER IN
WHICH THE APPLICABLE STANDARD OF CARE WAS BREACHED**</u>

The standard of care of Dr. Vanessa Rondinelli and/or Dr. Audrey

Ellen Stryker and/or Dr. Omosalewa Itauma, and/or Dr. Douglas Saylor,

required that they timely inform Kristen Praet that delivering the baby at 37

weeks and/or 38 at the absolute latest, would be safer than waiting until 39

weeks. Kristen Praet was an insulin dependent diabetic with a 5-times

8

increased risk of fetal demise, therefore the standard of care of the OB/GYN mentioned herein required that they induce Kristen Praet's labor and/or perform a C-section at 37 weeks. In violation of the standard of care, they failed to do so.

The ultrasound on **1/20/22** noted an EFW of 4116± 1 pound with an increased AC (abdominal circumference) greater than 95th percentile markedly increasing the risk of shoulder dystocia.

That based upon the increased maternal and fetal risks in this case, including:

A. Uterine rupture from prior C-section and/or

B. Shoulder dystocia and brachial plexus injury from macrosomia and insulin dependent diabetes and/or

C. H/O decreased fetal movement and/or

D. Increased risk of still birth

On **1/31/22**, Plaintiff Kristen Praet was seen in the office by Kayla Violette, RDMS (Sonographer). She noted very little fetal movement with a non-reactive NST obtained BPP (Biophysical Profile) was 8/ 10.Based upon the increased maternal and fetal risks in this case, including: uterine rupture from prior C-section and/or, shoulder dystocia and brachial plexus injury from macrosomia and insulin dependent diabetes and/or history of decreased fetal movement and/or, increased

9

risk of still birth, the standard of care required on **1/31/22** an immediate C-section, which the mother had previously consented to, or labor induction after the **1/31/22** NSRT (non-reactive stress test), but in violation of the standard of care this was not done.

On **1/31/22** the standard of care required baby Stella Praet be delivered but in violation of the standard of care was not delivered. Timely delivery by C-section or induction of labor on **1/31/22** would have avoided the baby's death.

## THE MANNER IN WHICH THE BREACH OF THE STANDARD OF PRACTICE OR CARE WAS THE PROXIMATE CAUSE OF THE INJURY

The failure to perform a timely delivery, C-section was the direct and proximate cause of minor Plaintiff's decedent's brain damage, and seizures, etc., as during this delay in delivering Plaintiff's decedent, S.P, she suffered from progressive, prolonged, and cumulative hypoxia (decrease in oxygen rich blood) and/or ischemia. Brain cells need oxygen to live and because of the failure to receive the oxygen, brain cells of Plaintiff's decedent, S.P  died, and ultimately S.P  died.

3.      My opinions in this Affidavit of Merit are preliminary and are based
        upon the specific information contained in the medical records in this
        particular case provided to me prior to signing this Affidavit of Merit.

10

As additional information is obtained through additional medical records and throughout the course of discovery, including depositions, I reserve the right to modify and/or alter and/or change my opinions. The opinions expressed herein are based solely on the medical records supplied to me, as well as my knowledge, training, skill, and experience. The above is meant to serve as a summary of my opinions and may not include each and every opinion I have formulated.

4.     That this is a meritorious case.

Further, affiant saith not.

Dr. Roger Kushner

Subscribed and sworn to before me this
8th day of July, 2024.

Notary Public
County: Livingston acting in Oakland
My Commission Expires: 5-11-2029

CAROLYN YOUNG
My Commission Expires
May 11, 2029
County of Livingston